**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION, | |
| Plaintiff, | CASE NO. 8:11-cv-2193-T-30EAJ |
| v. | |
| ROBERT IAVARONE, et al., | |
| Defendants. | |

**DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS DAN SPRING, JAIMI PUTZKE, BRITANNIA PUBS, LLC, AND CHARLES CASEY ASTON**

This matter is before the Court upon the Motion (Doc. 88) of Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") for default judgment against Defendants Dan Spring, Jaimi Putzke, Britannia Pubs, LLC, and Charles Casey Aston (together, "the Defaulting Defendants"). None of the Defaulting Defendants filed answers in this case. For the reasons given below, and having considered the materials supplied and cited by Plaintiff in support of its motion, the Court finds that default judgment is appropriate, and the Plaintiff's motion will accordingly be **GRANTED IN PART**.

## **FINDINGS OF FACT**

1. On April 2, 2010, Slep-Tone commenced this action against the Defaulting Defendants and others as Case No. 5:10cv71 in the Northern District of Florida. (Doc. 1.) The Complaint alleges, in pertinent part, that the Defaulting Defendants engaged in trademark infringement involving counterfeiting, federal unfair competition, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.211.

2. On June 7, 2011, the Clerk entered defaults as to Defendants Spring and Putzke.

3. On December 21, 2011, the Clerk entered defaults as to Defendants BP and Aston.

4. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448, for SOUND CHOICE®, and of U.S. Trademark Registration No. 2,000,725, for a display trademark SOUND CHOICE & Design® ("the Marks").

5. Slep-Tone has consistently used the ® symbol to denote the registration of the Marks and thereby to give notice to the public that the Marks are federally registered.

6. The Defaulting Defendants have used a reproduction, counterfeit, or copy of the Marks in connection with their providing karaoke services, by

displaying that reproduction, counterfeit, or copy during the provision of their services.

7. None of the Defaulting Defendants had a license to create digitized copies of the Plaintiff's karaoke discs or of the music tracks contained thereon.

8. An unauthorized digitized copy of the Plaintiff's karaoke discs or music tracks is a counterfeit.

9. The Defaulting Defendants did not have a license to use counterfeit tracks in connection with their provision of karaoke services. The Defaulting Defendants' unauthorized use of counterfeits of the Marks is likely to cause consumer confusion by deceiving their customers and/or patrons into believing that the services are being provided with Slep-Tone's authorization.

10. Slep-Tone has been harmed by the Defaulting Defendants' infringing activities.

11. The unauthorized copies of the Plaintiff's karaoke tracks used by the Defaulting Defendants have caused the Marks to be displayed at the Defaulting Defendants' karaoke shows without authorization.

12. The marks so displayed are identical to the marks Slep-Tone has federally registered.

13. Plaintiff established that the individual Defaulting Defendants are not in active military service, and accordingly there is no impediment to the imposition

of default judgment against any of them under the Servicemembers' Civil Relief Act.

## CONCLUSIONS OF LAW

1.   By virtue of their defaults in this matter, the Defaulting Defendants are deemed to have admitted those facts alleged in the Complaint that are material to Slep-Tone's claims against them.

2.   By using counterfeit materials bearing the Marks to put on karaoke shows and by displaying the Marks during the course of those shows, the Defaulting Defendants have each committed acts that are likely to cause confusion among consumers of their services as to the authorization, sponsorship, and affiliation of their services with Slep-Tone.  In particular, consumers who use the Defaulting Defendants' services are likely to believe, falsely, that they have made use of genuine, authorized materials during the conduct of their respective businesses.

3.   Accordingly, the Defaulting Defendants' activities constitute trademark infringement involving counterfeiting.

4.   The Defaulting Defendants' same acts constitute a violation of § 43(a) of the Trademark Act of 1946, as amended, in that the display of Slep-Tone's marks and the marks of other manufacturers whose materials who have been similarly pirated constitutes a false designation of the origin of those materials.

5. The Defaulting Defendants' same acts further constitute a *per se* violation of FDUTPA. *See TracFone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1365 (S.D. Fla. 2009) ("Engaging in trademark infringement is an unfair and deceptive trade practice that violates" FDUTPA).

6. Slep-Tone is entitled to a statutory damage award from each of the Defaulting Defendants.

7. Permanent injunctive relief against the Defaulting Defendants is necessary to prevent continuing harm to Slep-Tone.

8. An injunction forbidding the use of all unauthorized copies of karaoke tracks, whether belonging to the Plaintiff or otherwise, is an appropriate remedy for the federal unfair competition and FDUTPA violations and would be appropriate to protect the rights of the Plaintiff, its legitimate downstream customers, and the public at large.

In view of the foregoing Findings of Fact and Conclusions of Law, it is accordingly ORDERED that the Motion of Plaintiff Slep-Tone Entertainment Corporation for Default Final Judgment (Doc. 88) is hereby **GRANTED in part**. It is therefore **ORDERED and ADJUDGED** as follows:

1. Pursuant to 15 U.S.C. § 1117, judgment is hereby entered in favor of Plaintiff Slep-Tone and against Defendant Dan Spring for statutory damages in the principal amount of $10,000, for which sum let execution issue.

2. Pursuant to 15 U.S.C. § 1117, judgment is hereby entered in favor of Plaintiff Slep-Tone and against Defendant Jaimi Putzke for statutory damages in the principal amount of $10,000, for which sum let execution issue.

3. Pursuant to 15 U.S.C. § 1117, judgment is hereby entered in favor of Plaintiff Slep-Tone and against Defendant Britannia Pubs, LLC for statutory damages in the principal amount of $10,000, for which sum let execution issue.

4. Pursuant to 15 U.S.C. § 1117, judgment is hereby entered in favor of Plaintiff Slep-Tone and against Defendant Charles Casey Aston for statutory damages in the principal amount of $10,000, for which sum let execution issue.

5. Interest from the date of entry of this judgment shall accrue at the legal rate, pursuant to 28 U.S.C. § 1961.

6. Each of the Defaulting Defendants, their agents and employees, and all persons in active concert or participation with them and having knowledge of this Order are hereby permanently **ENJOINED** (a) from using (including making, copying, sharing, distributing, selling, or otherwise using, and particularly including use to provide karaoke services), commercially or otherwise, any karaoke accompaniment track that is marked with either the

mark in U.S. Trademark Registration No. 1,923,448, for SOUND CHOICE®, or the mark in U.S. Trademark Registration No. 2,000,725, for a display trademark SOUND CHOICE & Design®, without the prior, express written permission of Slep-Tone or its successor-in-interest, if any, to the ownership of those marks, and (b) from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks, commercially or otherwise, which tracks are marked with any mark or other designation belonging to any person from whom the Defendant has not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

7. The Court retains jurisdiction for a period of one (1) year over this cause and over the parties for the purposes of enforcing the foregoing relief and entering all further post-judgment orders that are just and proper.

**DONE and ORDERED** in Tampa, Florida on April 5, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2193.default fj injunction.rtf

7